UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MINNESOTA

In re:

| | |
|---|---|
| Dakota Plains Holdings, Inc., | Case No. 16-43711 |
| Debtor. | Chapter 11 Case |
| Dakota Plains Transloading, LLC, | Case No. 16-43712 |
| Debtor. | Chapter 11 Case |
| Dakota Plains Sand, LLC, | Case No. 16-43715 |
| Debtor. | Chapter 11 Case |
| Dakota Plains Marketing, LLC, | Case No. 16-43716 |
| Debtor. | Chapter 11 Case |
| DPTS Marketing LLC, | Case No. 16-43717 |
| Debtor. | Chapter 11 Case |
| Dakota Petroleum Transport Solutions, LLC, | Case No. 16-43718 |
| Debtor. | Chapter 11 Case |
| DPTS Sand, LLC, | Case No. 16-43721 |
| Debtor. | Chapter 11 Case |

**NOTICE OF HEARING AND MOTION FOR ENTRY OF AN ORDER (I) GRANTING AN EXPEDITED HEARING AND (II) AUTHORIZING JOINT ADMINISTRATION OF CHAPTER 11 CASES**

TO:  The parties-in-interest as defined in Local Rule 9013-3(a)(2).

1.      Dakota Plains Holdings, Inc. and its affiliated debtors and debtors in possession in these proceedings (collectively, the "**Debtors**"), file this motion (this "**Motion**") requesting the relief described below, and give notice of hearing.

2.      The Court will hold a hearing on the Motion at 9:00 a.m. (prevailing Central time) on December 29, 2016 in Courtroom No. 7 West, U.S. Courthouse, 300 South Fourth Street, Minneapolis, Minnesota,  55415.

3.      Local Rule 9006-1(c) provides deadlines for responses to this Motion.  However, given the expedited nature of the relief sought herein, the Debtors do not object to written

responses being served and filed up to two hours prior to the hearing.  **UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING**.

4.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, Rule 5005 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Local Rule 1070-1.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  On December 20, 2016 (the "**Petition Date**"), each of the above-captioned Debtors commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "**Bankruptcy Code**").  The cases are currently pending in this Court.

5.      This Motion arises under Bankruptcy Rule 1015, and is filed under Local Rules 9013-1, 9013-2 and 9013-3.  Notice of the hearing on this Motion is provided pursuant to Bankruptcy Rule 9013 and Local Rules 9013-2 and 9013-3.  The Debtors request entry of an order granting expedited relief and authorizing joint administration of the Debtors' chapter 11 cases for procedural purposes only, pursuant to Bankruptcy Rule 1015(b).

## BACKGROUND

6.      The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No official committees have been appointed.

7.      A detailed description of the Debtors and their businesses, and the facts and circumstances supporting this Motion and the Debtors' chapter 11 cases, are set forth in greater detail in the Declaration of Marty Beskow in Support of Chapter 11 Petitions and First Day Motions (the "**First Day Declaration**"), filed contemporaneously herewith and incorporated by reference herein.

- 2 -

8.      All of the Debtors are related entities.  Dakota Plains Holdings, Inc. is the direct or indirect parent of each of the other Debtors.  The Debtors are an integrated midstream energy company whose headquarters are located in Wayzata, Minnesota.

9.      In these chapter 11 cases, joint administration is appropriate and will facilitate the practical administration of the cases and restructuring of each Debtor.  Many of the legal issues likely to arise in these cases will be common to all the Debtors, and the Debtors expect to execute sale process that will involve the sale of substantially all of the Debtors' assets.

10.     In addition, throughout these chapter 11 cases, the Debtors intend to file a number of motions, applications and other pleadings intended to apply to all of the Debtors' chapter 11 cases.  The joint administration of these cases, including combining notices to creditors of the respective estates and hearing matters related to all of the Debtors at the same time will promote economical and efficient administration of the estates by avoiding the time and expense associated with the Debtors' counsel and all other parties filing duplicate pleadings and preparing duplicate orders.

11.     The rights of the respective creditors of the Debtors will not be adversely affected by the joint administration of the Debtors' chapter 11 cases because this Motion requests only administrative consolidation and not substantive consolidation of the Debtors.   All of the Debtors' creditors will benefit by the reduced costs resulting from joint administration and from not receiving duplicative mailings.  This Court, too, will be relieved of the burden of entering duplicative orders and maintaining duplicative files.  Supervision of the administration aspects of the Debtors' cases by the United States Trustee will also be simplified.

## **RELIEF REQUESTED**

12.     By this Motion, the Debtors seek entry of an order substantially in the form filed herewith directing joint administration of these cases for procedural purposes only, pursuant to Bankruptcy Rule 1015(b).

13.     Specifically, the Debtors request that the Court maintain one file and one docket for all of the Debtors' cases under the Case of Dakota Plains Holdings, Inc. and that the cases be administered under a consolidated caption as follows:

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Jointly Administered under Case No. 16-43711 |
| Dakota Plains Holdings, Inc., et al, | Court File No. 16-43711 (MER) |
| Debtors. | |
| (includes: | Court File Nos.: |
| Dakota Plains Transloading, LLC, | 16-43712 |
| Dakota Plains Sand, LLC, | 16-43715 |
| Dakota Plains Marketing, LLC, | 16-43716 |
| DPTS Marketing LLC, | 16-43717 |
| Dakota Petroleum Transport Solutions, LLC, | 16-43718 |
| DPTS Sand, LLC, | 16-43721 |
| | Chapter 11 Cases Judge Michael E. Ridgway |

14.     The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket in each of the Debtors' cases, other than the case of Dakota Plains Holdings, Inc. to reflect the joint administration of these chapter 11 cases:

An order has been entered in this case in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the joint administration of the chapter 11 cases of Dakota Plains Holdings, Inc., Dakota Plains Transloading, LLC, Dakota Plains

Sand, LLC, Dakota Plains Marketing, LLC, DPTS Marketing LLC, Dakota Petroleum Transport Solutions, LLC, and DPTS Sand, LLC.  The docket in Case No. 16-43711 (MER) should be consulted for all further documents filed and all matters affecting these cases.

15.     The Debtors, in consultation with, and with the permission of, the United States Trustee, also seek authority to submit one disclosure statement and plan of reorganization encompassing all seven cases and file one joint monthly operating report for all of the Debtors. The Debtors, with the permission of the United States Trustee, also request that only one creditors' committee be appointed for all seven cases and that any future meeting of creditors be scheduled and conducted jointly.  Finally, the Debtors request that one cumulative mailing matrix be maintained for all seven cases, which the Debtors' counsel will submit in a complete and comprehensive form as soon as required under applicable rule.

## REQUEST FOR EXPEDITED RELIEF

16.     Expedited relief is appropriate in these cases.  The decisions regarding joint administration and restricted service should be made early in the cases so that the parties understand how the cases will be administered and avoid unnecessary cost and confusion.

17.     Pursuant to Local Rule 9013-2, this Motion is verified and is accompanied by a memorandum of law (attached hereto as **Exhibit A**), proof of service, and a proposed order (attached hereto as **Exhibit B**).

18.     Pursuant to Local Rule 9013-2, the Debtors give notice that they may, if necessary, call (a) Gabriel G. Claypool, Chief Executive Officer of Dakota Plains Holdings, Inc., 294 Grove Lane East, Wayzata, MN  55391 or (b) Marty Beskow, Chief Financial Officer, Dakota Plains Holdings, Inc., 294 Grove Lane East, Wayzata, MN  55391 to testify at the hearing on the Motion regarding the facts set forth herein.

## NO PRIOR REQUEST

19.     No prior request for the relief sought in this Motion has been made by the Debtors

to this or any other court.

WHEREFORE, the Debtors respectfully request the entry of an order:

A.     granting an expedited hearing;

B.     authorizing the joint administration of the Debtors' chapter 11 cases; and

C.     granting such other relief as the Court deems just and equitable.

Dated:  December 21, 2016

Respectfully submitted,


/e/ Michael F. McGrath
Michael F. McGrath (#168610)
Will R. Tansey (#323056)
RAVICH MEYER KIRKMAN MCGRATH NAUMAN
& TANSEY, PA
150 S. Fifth Street, Suite 3450
Minneapolis, MN  55402
Telephone:  612.317.4744
Email: mfmcgrath@ravichmeyer.com
        wrtanser@ravichmeyer.com

Elizabeth A. Green
Jimmy D. Parrish
BAKER & HOSTETLER LLP
SunTrust Center, Suite 2300
200 South Orange Avenue
Orlando, FL  32801-3432
Telephone:  407.649.4000
Email: egreen@bakerlaw.com
        jparrish@bakerlaw.com

Eric R. Goodman
BAKER & HOSTETLER LLP
Key Tower, 127 Public Square
Suite 2000
Cleveland, OH  44114-1214
Telephone:  216.621.0200
Email: egoodman@bakerlaw.com

*Proposed Counsel for the Debtors and Debtors
in Possession*

## VERIFICATION

I, Marty Beskow, Chief Financial Officer of Dakota Plains Holdings, Inc., based upon my personal information and belief, declare under penalty of perjury that the facts set forth in the preceding Motion for Entry of an Order (I) Granting an Expedited Hearing and (II) Authorizing Joint Administration of Chapter 11 Cases are true and correct to the best of my knowledge, information and belief.

Dated:  December 20, 2016                    Signed:  _____
                                                     Marty Beskow

## **EXHIBIT A**

MEMORANDUM OF LAW

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MINNESOTA

In re:

| | | |
|---|---|---|
| Dakota Plains Holdings, Inc., | | Case No. 16-43711 |
| | Debtor. | Chapter 11 Case |
| Dakota Plains Transloading, LLC, | | Case No. 16-43712 |
| | Debtor. | Chapter 11 Case |
| Dakota Plains Sand, LLC, | | Case No. 16-43715 |
| | Debtor. | Chapter 11 Case |
| Dakota Plains Marketing, LLC, | | Case No. 16-43716 |
| | Debtor. | Chapter 11 Case |
| DPTS Marketing LLC, | | Case No. 16-43717 |
| | Debtor. | Chapter 11 Case |
| Dakota Petroleum Transport Solutions, LLC, | | Case No. 16-43718 |
| | Debtor. | Chapter 11 Case |
| DPTS Sand, LLC, | | Case No. 16-43721 |
| | Debtor. | Chapter 11 Case |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ENTRY OF AN ORDER (I) GRANTING AN EXPEDITED HEARING AND (II) AUTHORIZING JOINT ADMINISTRATION OF CHAPTER 11 CASES

Dakota Plains Holdings, Inc. and its affiliated debtors and debtors in possession in these proceedings (collectively, the "**Debtors**"), submit this memorandum of law in support of the motion submitted herewith (the "**Motion**") in accordance with Local Rule 9013-2(a).

## BACKGROUND

1.      The supporting facts are set forth in the Motion, verified by Marty Beskow, Chief Financial Officer of Dakota Plains Holdings, Inc.  All capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Motion.

## LEGAL ANALYSIS

**I.      The Debtors' Request for Expedited Relief Should Be Granted**

2.      The Debtors request expedited relief on the Motion.  Bankruptcy Rule 9006(c) provides that the Court may reduce the notice period for a Motion "for cause shown."  Cause exists here to grant the Motion on an expedited basis.  Decisions about joint administration and restricted service should be made as early in a case as possible, so that the parties in interest will know how the case is to be administered, to minimize unnecessary expense, and avoid confusion.  There are a number of other motions pending in the Debtors' chapter 11 cases, and allowing joint administration will ease the Debtors' entry into chapter 11.

**II.      Joint Administration Should be Authorized**

3.      Bankruptcy Rule 1015(b) provides, in relevant part, that if "two or more petitions are pending in the same court by … a debtor and an affiliate, the court may order a joint administration of the estates."  The Debtors are "affiliates" as that term is defined under section 101(2) of the Bankruptcy Code.  Accordingly, this Court is authorized to grant the requested relief by virtue of the fact that Dakota Plains Holdings, Inc. is the direct or indirect parent of each of the other Debtors.

4.      Joint administration is generally noncontroversial, and courts in this district routinely grant joint administration in chapter 11 cases.  *See*, *e.g.*, *In re Magnetation LLC*, No. 15-50307 (GFK) (Bankr. D. Minn. May 8, 2015) [ECF No. 72]; *In re Wagstaff Minnesota, Inc.*, No. 11-43073 (RJK) (Bankr. D. Minn. May 5, 2011) [ECF No. 38]; *In re Genmar Holdings, Inc.*, No. 09-43537 (DDO) (Bankr. D. Minn. June 4, 2009) [ECF No. 19]; *In re Polaroid Corp.*, No. 08-46617 (GFK) (Bankr. D. Minn. Dec. 23, 2008) [ECF No. 21].

5.      On the date hereof, the Debtors commenced the seven chapter 11 cases referenced above by filing petitions for voluntary relief with this Court.  Given the provisions of the

- 2 -

Bankruptcy Code and the Debtors' affiliation, joint administration of these cases is warranted and will provide significant administrative convenience without harming the substantive rights of any party in interest.   Joint administration will avoid the preparation, replication, service and filing, as applicable, of duplicative notices, applications and orders, thereby saving the Debtors considerable expense and resources.   The Debtors' financial affairs and business operations are closely related.   Many of the motions, hearings and orders in these chapter 11 cases will affect each Debtor and their respective estates.   The rights of creditors will not be adversely affected, as this Motion requests only administrative, and not substantive, consolidation of the estates. Moreover, each creditor can still file its claim against a particular estate.   In fact, all creditors will benefit from the reduced costs that will result from the joint administration of these chapter 11 cases.   The Court also will be relieved of the burden of entering duplicative orders and maintaining duplicative files.   Finally, supervision of the administration aspects of these chapter 11 cases by the United States Trustee for the District of Minnesota will be simplified.

## CONCLUSION

For the foregoing reasons, the Debtors respectfully request that the Court enter an order granting the relief requested in the Motion.

Dated:  December 21, 2016

Respectfully submitted,

/e/ Michael F. McGrath
Michael F. McGrath (#168610)
Will R. Tansey (#323056)
RAVICH MEYER KIRKMAN MCGRATH NAUMAN
& TANSEY, PA
150 S. Fifth Street, Suite 3450
Minneapolis, MN  55402
Telephone:  612.317.4744
Email: mfmcgrath@ravichmeyer.com
       wrtanser@ravichmeyer.com

Elizabeth A. Green
Jimmy D. Parrish
BAKER & HOSTETLER LLP
SunTrust Center, Suite 2300
200 South Orange Avenue
Orlando, FL  32801-3432
Telephone:  407.649.4000
Email: egreen@bakerlaw.com
       jparrish@bakerlaw.com

Eric R. Goodman
BAKER & HOSTETLER LLP
Key Tower, 127 Public Square
Suite 2000
Cleveland, OH  44114-1214
Telephone:  216.621.0200
Email: egoodman@bakerlaw.com

*Proposed Counsel for the Debtors and Debtors
in Possession*

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MINNESOTA

In re:

| | |
|---|---|
| Dakota Plains Holdings, Inc., | Case No. 16-43711 |
| Debtor. | Chapter 11 Case |
| Dakota Plains Transloading, LLC, | Case No. 16-43712 |
| Debtor. | Chapter 11 Case |
| Dakota Plains Sand, LLC, | Case No. 16-43715 |
| Debtor. | Chapter 11 Case |
| Dakota Plains Marketing, LLC, | Case No. 16-43716 |
| Debtor. | Chapter 11 Case |
| DPTS Marketing LLC, | Case No. 16-43717 |
| Debtor. | Chapter 11 Case |
| Dakota Petroleum Transport Solutions, LLC, | Case No. 16-43718 |
| Debtor. | Chapter 11 Case |
| DPTS Sand, LLC, | Case No. 16-43721 |
| Debtor. | Chapter 11 Case |

## CERTIFICATE OF SERVICE

Jimmy D. Parrish of Baker & Hostetler LLP, under penalty of perjury, states that on December 21, 2016 he caused to be served the following documents:

1.  Notice of Hearing and Motion for Entry of an Order (I) Granting an Expedited Hearing and (II) Authorizing Joint Administration of Chapter 11 Cases;

2.  Memorandum of Law in Support of Motion for Entry of an Order (I) Granting an Expedited Hearing and (II) Authorizing Joint Administration of Chapter 11 Cases; and

3.  Proposed Order (I) Granting an Expedited Hearing and (II) Authorizing Joint Administration of Chapter 11 Cases.

upon:

| Advanced Imaging Solutions<br>PO Box 790448<br>Saint Louis, MO  63179-0448 | Ally Financial<br>PO Box 380901<br>Bloomington, MN  55438 | Applied Business Strategy LLC<br>1100 Superior Avenue East<br>Suite 1750<br>Cleveland, OH  44114 |
|---|---|---|

| Boatworks II, LLC<br>294 Grove Lane East<br>Suite 100<br>Wayzata, MN  55391 | BNSF Railway Company<br>3110 Solutions Center<br>Chicago IL 60677-3001<br>Fax:  (651) 298-2814<br>Email:<br>Christina.Mcfarlane@BNSF.com | Boxcar Companies LLC<br>374 Wickaboag Valley Rd.<br>West Brookfield, MA  01585<br>Email:  dan@boxcarco.com |
|---|---|---|
| Butte,   Anaconda   &   Pacific<br>Railway<br>300 West Commercial<br>Anaconda, MT  59711<br>Fax: (904) 210-7424<br>Email:<br>Lisette.Leavens@patriotrail.com | Canadian Pacific Railway Co.<br>CM-9527<br>Saint Paul, MN  55170-9527<br>Fax: (888) 872-7245<br>Email:  Ryan_Jordan@cpr.ca | CSX Transportation, Inc.<br>P.O. Box 116651<br>Atlanta, GA  30368-6651<br>Email:<br>er_accounts_receivable@csx.co<br>m |
| Faegre Baker & Daniels<br>2200 Wells Fargo Center<br>90 S. 7th Street<br>Minneapolis, MN  55402-3901<br>Fax: (612) 766-1600<br>Email:<br>morgan.burns@faegrebd.com | Foote Oilfield Services, LLC<br>PO Box 878<br>New Town, ND  58763<br>Email:  jr.foote@hotmail.com | Gabriel G. Claypool<br>20330 Western Road<br>Deephaven, MN  55331 |
| Global Companies, LLC<br>800 South Street<br>Waltham, MA  02453 | Hennepin County Assessor<br>A-2103 Government Center<br>300 South 6th Street<br>Minneapolis, MN  55487 | Hiland Crude, LLC<br>1001 Louisiana<br>Suite 1000<br>Houston, TX  77002 |
| Integra<br>6160 Golden Hills Drive<br>Minneapolis, MN  55416 | Internal Revenue Service<br>Centralized Insolvency Ops<br>PO Box 7346<br>Philadelphia, PA  19101 | Iowa Traction Railway<br>P.O. Box 1277<br>Lakeville, MN  55044-1277<br>Fax: (952) 985-5911<br>Email:<br>bbement@progressiverail.com |
| IRS District Counsel<br>380 Jackson Street, Suite 650<br>St. Paul, MN  55101-4804 | Internal Revenue Service<br>Wells Fargo Place<br>30 E. Seventh Street<br>Mail Stop 5700<br>St. Paul, MN  55101 | Keokuk Junction Railway Co.<br>1318 S. Johnson Rd.<br>Peoria, IL  61607<br>Fax:  (309) 697-5387<br>Email:     kbouris@pioneer-<br>railcorp.com |
| McGrath North Mullin & Kratz,<br>PC LLP<br>First National Tower<br>Suite 3700<br>1601 Dodge St.<br>Omaha, NE  68102<br>Fax: (402) 341-0216<br>Email: info@mcgrathnorth.com | MN Department of Revenue<br>Collection    Div    Bankruptcy<br>Section<br>551 Bankruptcy Section<br>PO Box 64447<br>St. Paul, MN 55164-0447 | Minnesota Dept. of Revenue<br>600 North Robert Street<br>Saint Paul, MN  55146 |
| Mountrail County Treasurer's<br>PO Box 69<br>Stanley, ND  58784<br>Email:<br>shenaw@co.mountrail.nd.us | Mountrail Williams Electric<br>Cooperative<br>PO Box 1346<br>Williston, ND  58802-1346<br>Fax: (701) 627-3502 | Murex, LLC<br>55 Waugh Drive<br>Suite 510<br>Houston, TX  77007 |

| | | |
|---|---|---|
| North Dakota Dept. of Revenue<br>600 E. Boulevard Avenue<br>Bismarck, ND 58505-0599 | Office of U.S. Trustee<br>1015 US Courthouse<br>300 South Fourth Street<br>Minneapolis, MN 55415 | Pearce & Durick<br>314 E. Thayer Ave.<br>P.O. Box 400<br>Bismarck, ND 58502<br>Fax: (701) 223-7865<br>Email: llb@pearce-durick.com |
| Reed Smith LLP<br>10 S. Wacker Dr. 40th Floor<br>Chicago, IL 60606-7507 | Ryan Gilbertson<br>1675 Neal Avenue<br>Delano, MN 55328 | San Luis & Rio Grande Railroad<br>118 S. Clinton St.<br>Suite 400<br>Chicago, IL 60661<br>Fax: (312) 248-1232<br>Email:<br>burkittb@iowapacific.com |
| Sard Verbinnen & Co., LLC<br>630 Third Avenue<br>9th Floor<br>New York, NY 10017<br>Fax: (212) 293-0055<br>Email: jrudnick@sardverb.com | Securities and Exchange<br>Commission<br>175 West Jackson Blvd., Suite<br>900<br>Chicago, IL 60604 | Stone Phillips, LLC<br>PO Box 500787<br>Atlanta, GA 31150 |
| SunTrust Bank<br>303 Peachtree Street NE<br>Atlanta, GA 30326<br>Email: alanpope@mvalaw.com | Thompson Hine LLP<br>Two Alliance Center<br>3560 Lenox Road NE<br>Suite 1600<br>Atlanta, GA 30326-4266 | Troy Hutchinson<br>Rock Hutchinson, PLLP<br>1907 E. Wayzata Blvd.<br>Suite 330<br>Wayzata, MN 55391<br>Email:<br>thutchinson@rockhutchinson.co<br>m |
| Union Pacific Railroad Company<br>5074 Collections<br>Center Dr.<br>Chicago, IL 60693<br>Email: smpetrow@up.com | US Attorney<br>600 US Courthouse<br>300 S. Fourth Street<br>Minneapolis, MN 55415 | U.S. Environmental Protection<br>Agency<br>77 W. Jackson Blvd.<br>Chicago, IL 60604-3507 |
| U.S. Oil & Refining Company<br>P.O. Box 2255<br>Tacoma, WA 98401 | Unimin Corporation<br>258 Elm Street<br>New Canaan, CT 06840 | United Quality Cooperative<br>240 3rd Street S.<br>New Town, ND 58763 |
| Vinson & Elkins, LLP<br>PO Box 301019<br>Dallas, TX 75303-1019<br>Fax: (713) 758-2346<br>Email: kliekefett@velaw.com | Wells Fargo Dealer Services<br>PO Box 25341<br>Santa Ana, CA 92799-5341 | World Fuel Services, Inc.<br>ATTN: Carlos Fornari<br>9800 NW 41st St., Suite 400<br>Miami, FL 33178 |
| Woodburn & Wedge<br>6100 Neil Road<br>Suite 500<br>Reno, NV 89505<br>Fax: (775) 688-3088<br>Email:<br>GBarnard@woodburnandwedge.<br>com | | |

via facsimile (where available), email (where available), or U.S. Mail to the addresses listed above, and electronically by Notice of Electronic Filing upon all parties who have requested electronic service in these cases by filing the same via ECF with the Bankruptcy Court in the District of Minnesota.


/e/ Jimmy D. Parrish
Jimmy D. Parrish

## **EXHIBIT B**

PROPOSED ORDER

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Jointly Administered under<br>Case No. 16-43711 |
| Dakota Plains Holdings, Inc., et al, | Court File No. 16-43711 (MER) |
| Debtors. | |
| (includes: | Court File Nos.: |
| Dakota Plains Transloading, LLC, | 16-43712 |
| Dakota Plains Sand, LLC, | 16-43715 |
| Dakota Plains Marketing, LLC, | 16-43716 |
| DPTS Marketing LLC, | 16-43717 |
| Dakota Petroleum Transport Solutions, LLC, | 16-43718 |
| DPTS Sand, LLC, | 16-43721 |
| | Chapter 11 Cases<br>Judge Michael E. Ridgway |

**ORDER (I) GRANTING AN EXPEDITED HEARING AND (II) AUTHORIZING JOINT ADMINISTRATION OF CHAPTER 11 CASES**

Upon the motion (the "**Motion**")[1] of Dakota Plains Holdings, Inc. and its affiliated debtors and debtors in possession in these proceedings (collectively, the "**Debtors**"), for an order pursuant to Bankruptcy Rule 1015(b), directing the joint administration of the Debtors' chapter 11 cases for procedural purposes only, as more fully described in the Motion and accompanying Memorandum of Law; and upon consideration of the Declaration of Marty Beskow in Support of Chapter 11 Petitions and First Day Motions; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the requested relief being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Motion.

§§ 1408 and 1409; and due and proper notice of the Motion having been provided; and no other

or further notice need be provided; and the relief requested in the Motion being in the best

interests of the Debtors, their estates, their creditors and other parties in interest; and the Court

having reviewed the Motion and having held a hearing with appearances of parties in interest

noted in the transcript thereof (the "**Hearing**"); and the Court having determined that the legal

and factual bases set forth in the Motion and at the Hearing establish just cause for the relief

granted herein; and upon all of the proceedings had before the Court; and after due deliberation

and sufficient cause appearing therefor;

IT IS HEREBY ORDERED:

1.     These cases shall be jointly administered in the following respects:

a.     All further documents shall be captioned in a fashion identical to the caption of this order.

b.     Only one copy of all further documents need be filed, and all documents shall be filed and docketed in *In re Dakota Plains Holdings, Inc.*, BKY 16-43711.

c.     The Clerk of this Court shall maintain the separate electronic records for Dakota Plains Transloading, LLC, Dakota Plains Sand, LLC, Dakota Plains Marketing, LLC, DPTS Marketing LLC, Dakota Petroleum Transport Solutions, LLC, and DPTS Sand, LLC in an open status pending further order of the Court.

d.     The Debtors and the United States Trustee may stipulate to the submission of one disclosure statement and plan of reorganization encompassing the seven cases.  The disclosure statement shall include a separate liquidation analysis for each Debtor, unless otherwise ordered by the Court.

e.     At the United States Trustee's election, in his discretion, one creditors' committee may be appointed for all seven cases, with members drawn from all seven cases, or separate committees may be appointed for all seven cases.

f.     The Debtors shall file Monthly Operating Reports as may be arranged between them and the United States Trustee.  Those parties may agree to allow the filing of a single, joint monthly

operating report for all of the Debtors with segregated data specific to each Debtor.  Each Debtor shall remain liable for its own United States Trustee fees required under 28 U.S.C. § 1930(a)(6).

g.   At the United States Trustee's election in his discretion, any future meeting of creditors may be scheduled and conducted jointly.  The arrangements for such shall be finalized and communicated to the Clerk of this Court before the issuance of all notices.

h.   One cumulated mailing matrix shall be maintained for all seven cases, which the Debtors' counsel shall submit in a complete and comprehensive form as soon as required under applicable rule. The matrix shall be maintained in the electronic record for BKY 16-43711.

i.   Separate claims registers shall be maintained henceforth for all claims in all seven cases.  Counsel for the Debtors shall consult with the United States Trustee and the Clerk of this Court to prepare applicable forms, notices, and procedures to effectuate this provision (including a standard form for a proof of claim specific to these cases, and instructions for submitting proofs of claim).

2.    Nothing in this order shall be construed to effectuate a substantive consolidation of these cases and their estates.  The estates in these cases shall not be consolidated before a motion for such relief is made and granted.

3.    The Clerk of this Court shall enter this order on the docket of each of the Debtors' cases and shall make the following docket entry in each cases:

An order has been entered in this case in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the joint administration of the chapter 11 cases of Dakota Plains Holdings, Inc., Dakota Plains Transloading, LLC, Dakota Plains Sand, LLC, Dakota Plains Marketing, LLC, DPTS Marketing LLC, Dakota Petroleum Transport Solutions, LLC, and DPTS Sand, LLC.  The docket in Case No. 16-43711 (MER) should be consulted for all further documents filed and all matters affecting these cases.

4.      Notice of the entry of this order will be given via CM/ECF and the Clerk of this

Court shall transmit a copy of it to the twenty largest creditors in each case as listed by the

Debtors.

Dated:

_____
Michael E. Ridgway
United States Bankruptcy Judge